* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Phillips with minor modifications.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. At all relevant times, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. At all relevant times, an employer-employee relationship existed between plaintiff and defendant.
3. Defendant is self insured through CEC Self-Insurance Fund c/o Federated Rural.
4. Plaintiff's average weekly wage will be determined pursuant to an Industrial Commission Form 22.
5. On April 22, 2004, plaintiff sustained an injury to his right shoulder.
 * * * * * * * * * * *
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff was a thirty-seven (37) year old male at the time of the hearing before the deputy commissioner. Plaintiff began working for defendant in 2001 as a First Class Lineman. Plaintiff's job required him to climb poles, hang wire, rebuild lines, hang transformers and to perform maintenance on bad underground primary wires, bad cables, and bad transformers.
2. On April 22, 2004, plaintiff was taking down an old line and putting a new line up. As he was pulling wire while up on a pole, he felt a pain in his right shoulder. Plaintiff filed a workers' compensation claim, which was accepted pursuant to a Form 60 on August 3, 2004. Plaintiff began receiving temporary total disability benefits at a rate of Five Hundred Ninety Dollars and 50/100 ($590.50) per week on July 20, 2004.
3. On May 7, 2004, plaintiff reported to Howard A. Stansberry, M.D. that he had injured his right shoulder "some weeks before". Plaintiff made no complaints about his left shoulder or neck. *Page 3 
4. On May 18, 2004, Dr. Stansberry referred plaintiff to James H. Askins, M.D. at the Outpatient Ortho Clinic of the Cape Fear Valley Health System. On June 1, 2004, Dr. Askins recommended an MRI, and on June 11, 2004, Dr. Askins referred plaintiff to Christopher Barnes, M.D.
5. On July 7, 2004, plaintiff presented to Dr. Barnes with complaints of right shoulder pain. Dr. Barnes performed a physical exam and noted full range of motion in plaintiff's neck and left shoulder. Dr. Barnes performed surgery on plaintiff's right shoulder on July 21, 2004.
6. On August 25, 2004, plaintiff returned to Dr. Barnes and reported tenderness over the lateral epicondyle in both of his elbows. Dr. Barnes had no opinion as to the cause of the bilateral epicondylitis because plaintiff had been out of work. Usually activity avoidance solves that problem.
7. On December 1, 2004, plaintiff returned to Dr. Barnes and reported left shoulder pain. This was the first time Dr. Barnes had treated the left shoulder and the first time left shoulder pain is noted in his medical records. When asked if it was possible that plaintiff had injured his left shoulder on April 22, 2004, Dr. Barnes said it was possible but improbable.
8. On February 1, 2005, Dr. Barnes performed surgery on plaintiff's left shoulder and noted that the problems seen in the left shoulder were subtly different than those in the right shoulder in that there was more of a static problem. Dr. Barnes did not have an opinion within a reasonable degree of medical certainty as to whether plaintiff's job activities caused the left shoulder injury or exacerbated it to the point where plaintiff needed surgery. *Page 4 
9. On his March 9, 2005 visit to Dr. Barnes, plaintiff reported neck pain and numbness in his upper extremities. Dr. Barnes ordered an MRI for plaintiff's cervical spine and referred him to Charles Haworth, M.D. The MRI was performed on March 16, 2005.
10. On June 6, 2005, plaintiff first presented to Dr. Haworth. Plaintiff reported that he had had numbness, tingling, and pain running down his left extremity for seven to nine months. Dr. Haworth ordered a Myelogram/CT and noted a spur on the left at C5-6.
11. Dr. Haworth performed an anterior cervical discectomy fusion and plating at C5-6 on July 12, 2005. Dr. Haworth stated to a reasonable degree of medical certainty that plaintiff's neck condition was not related to the April 2004 injury.
12. On January 25, 2005, plaintiff filed a Form 18, nine months after the April 22, 2004 incident. On that Form 18, he claims that he injured his right and left shoulders and right and left elbows while climbing a telephone pole. Plaintiff also filed a Form 33 on January 25, 2005 seeking compensation for his left shoulder and elbow as well as an attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
13. On March 17, 2005, defendants filed a Form 61, denying the left shoulder. On March 21, 2005, defendants filed a Form 33R restating that denial.
14. On April 26, 2005, plaintiff then filed an amended Form 18, more than one year after the incident, which added a neck injury to the claim. The amended Form 18 still indicated plaintiff sustained an injury while climbing a pole. On that same date, plaintiff filed an amended Form 33 also adding the neck claim.
15. On May 9, 2005, defendants filed a Form 61 denying the neck claim as well as a Form 33R restating that denial.
 * * * * * * * * * * * *Page 5 
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Based upon the greater weight of the competent, credible evidence, plaintiff has failed to prove that the injuries to his neck, left shoulder and bilateral elbows are related to the incident of April 22, 2004. N.C. Gen. Stat. § 97-2.
2. Defendants have not unreasonably defended plaintiff's claims. N.C. Gen. Stat. § 97-88.1, N.C.I.C. Rule 802.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 A W A R D
1. Plaintiff's claim for medical and indemnity benefits for his left shoulder, bilateral elbows and neck is DENIED.
2. Defendants shall pay the costs.
This the 5th day of October, 2007.
 S/______________________
 BUCK LATTIMORE
 COMMISSIONER
CONCURRING:
S/___________________ DANNY L. McDONALD COMMISSIONER
S/_______________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1